IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DON SILVER, | : | Civil No. 3:23-cv-1291 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, FCI-ALLENWOOD, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Don Silver ("Silver"), an inmate confined at the Federal Correctional Institution, in Allenwood, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Silver seeks an Order directing the Federal Bureau of Prisons ("BOP") to correct his recidivism risk level and apply a total of 155 days of First Step Act ("FSA") time credits. (Docs. 1, 2). For the reasons set forth below, the Court will dismiss the habeas petition.

I. *Background*

Silver is serving a 48-month term of imprisonment imposed by the United States District Court for the Eastern District of New York for conspiracy to distribute and possession with intent to distribute cocaine and cocaine base. (Doc. 7-1, pp. 7-11, Public Information Inmate Data). His projected release date is October 27, 2023. *See* BOP Inmate Locator, available at https://www.bop.gov/inmateloc/.

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Silver has not filed any remedies concerning the allegations in the instant petition. (Doc. 7-1, pp. 17-20).

On July 31, 2023, the BOP conducted a First Step Act Time Credit Assessment and found that Silver earned 110 days of FSA time credits and classified him as medium risk level. (*Id.* at p. 13, FSA Time Credit Assessment Worksheet). After Silver filed his habeas petition, the BOP determined that an error in Silver's recidivism risk calculation resulted in an erroneous medium risk level classification. (Doc. 7-1, Declaration of Jennifer Knepper, BOP Supervisory Attorney, ("Knepper Decl."), ¶ 8). Therefore, on August 18, 2023, BOP staff recalculated Silver's credits with the appropriate low risk level score. (Doc. 7-1, p. 15, FSA Time Credit Assessment Worksheet). As a result, an additional forty (40) days of credit were applied to Silver's sentence, resulting in a total of 150 days of FSA time credits. (*Id.*).

In his § 2241 petition, Silver alleges that the BOP improperly determined that he had a medium, instead of a low, risk of recidivism, which resulted in an improper calculation of his FSA time credits. (Doc. 1). Respondent first argues that that Silver's § 2241 petition must be dismissed because he failed to exhaust his administrative remedies. (Doc. 7). Alternatively, Respondent argues that the BOP properly calculated Silver's FSA time credits. (*Id.*). Because the Court finds that Silver failed to satisfy the exhaustion requirement, the Court does not reach the merits of his claims.

2

## II. Discussion

Despite the absence of a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. *Moscato*, 98 F.3d at 761-62. Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. (Doc. 7-1, Knepper Decl. ¶ 9, citing 28 C.F.R. §§ 542.10-542.19). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. (*Id.*, citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence. (*Id.*, citing 28 C.F.R. § 542.14). The Warden shall provide a response within twenty calendar days. 28 C.F.R. § 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (Doc. 7-1, Knepper Decl. ¶ 9, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. (Doc. 7-1, Knepper Decl. ¶ 9, citing 28 C.F.R. § 542.15(a)). No administrative remedy appeal is considered fully exhausted until decided on the merits by the BOP's Central Office. (*Id.*, citing 28 C.F.R. §§ 542.10-542.19).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional and

4

Central Offices. BOP employees log and update inmates' public information into SENTRY as a matter of course as the information is received. Although all requests for administrative relief, whether accepted or rejected, are entered into the BOP's computerized database, actual copies of rejected administrative remedies are not maintained. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Silver's Administrative Remedy Generalized Retrieval report reveals that he failed to exhaust the claims in the instant habeas petition. (Doc. 7-1, pp. 17-20). The record reflects that Silver filed six (6) administrative remedies while in BOP custody. (*Id.*). None of those remedies relate to the claims in the habeas petition. (*Id.*). Further, Silver has not filed an administrative remedy since 2013. (*Id.*). Silver has not established that he should be excused from exhausting administrative remedies with respect to his present claims. Instead, he argues that exhaustion would be futile. (Doc. 2, p. 2). While the Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), this case involves a dispute regarding Silver's eligibility for earned time credits and the specific number of earned time credits. The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Silver's claim is the type of FSA earned-time-credit dispute that must first be properly exhausted through the BOP system. Moreover, even if Silver thought pursuit of his

administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Thus, Silver's § 2241 petition must be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Silver to invoke the judicial process despite failing to complete administrative review.[1]

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 15, 2023

---

[1] The Court notes that after Silver filed his federal habeas petition, the BOP recalculated his First Step Act time credits and corrected its previous error by changing Silver's recidivism risk level to low and applying a total of 150 days of FSA time credits, essentially granting his requested relief.