IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC W. SHAY, | : | Civil No. 3:22-cv-1157 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT WAHL, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Eric Shay ("Shay") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Lackawanna County, Pennsylvania. (Doc. 1). For the reasons set forth below, the Court will deny the habeas petition and a certificate of appealability will not issue.

## I.    Background[1]

On February 4, 2015, the Commonwealth of Pennsylvania filed a criminal complaint charging Shay with various offenses relating to his attempt to meet a minor for sex via the

---

[1] A federal habeas court may take judicial notice of state court records. *See Zedonis v. Lynch,* 233 F. Supp.3d 417, 422 (M.D. Pa. 2017) (Caldwell, J.) (citing *Pension Benefit Guar. Corp. v. White Consul. Indus., Inc.,* 998 F.2d 1192, 1197 (3d Cir. 1993) and *Dean v. Copozza,* No. Civ. A. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets."). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Lackawanna County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

internet. *Commonwealth v. Shay*, No. CP-35-CR-0000276-2015 (Pa. Ct. Com. Pl. Lackawanna Cnty.). On February 17, 2016, following a jury trial, Shay was convicted of one count of unlawful contact with a minor, one count of criminal attempt to commit involuntary deviate sexual intercourse, one count of criminal attempt to commit indecent assault, one count of unlawful contact with a minor to transmit obscene material to a minor, and one count of criminal use of a communications facility. *Id.* On June 29, 2016, the trial court imposed an aggregate sentence of 6½ to 19 years' imprisonment. *Id.* Shay did not file a direct appeal. *Id.*

On April 11, 2017, counsel filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, seeking reinstatement of Shay's appellate rights *nunc pro tunc.* *Id.* On August 1, 2017, the PCRA court granted the petition. *Id.* On September 18, 2018, the Pennsylvania Superior Court affirmed the judgment of sentence. *Commonwealth v. Shay*, No. 1385 MDA 2017, 2018 WL 4442972 (Pa. Super. Sept. 18, 2018). On March 12, 2019, the Pennsylvania Supreme Court denied Shay's petition for allowance of appeal. *Commonwealth v. Shay*, No. 696 MAL 2018 (Pa. March 12, 2019).

On August 19, 2019, Shay filed a *pro se* PCRA petition. (Doc. 16-7, at 6-79). Counsel was appointed to represent Shay, and counsel subsequently filed a motion to withdraw and a no-merit letter. (Doc. 16-7, at 89-98). On December 16, 2019, Shay filed a *pro se* amended PCRA petition. (Doc. 16-7, at 100-166). On February 4, 2020, the PCRA

2

court issued a notice of its intent to dismiss Shay's petition without a hearing and granted

counsel's motion to withdraw.  (Doc. 16-7, at 168-78).  On March 18, 2020, the PCRA court

denied Shay's petition.  (Doc. 16-8, at 35).  On November 22, 2021, the Pennsylvania

Superior Court affirmed the denial of PCRA relief.  *Commonwealth v. Shay*, No. 714 MDA

2020, 2021 WL 5443669 (Pa. Super. Nov. 22, 2021).  Shay did not file a petition for

allowance of appeal with the Pennsylvania Supreme Court.

On February 22, 2022, Shay filed a second *pro se* PCRA petition.  (Doc. 16-9, at 94-

156).  On May 18, 2022, the PCRA court dismissed the second petition as untimely.  (Doc.

16-10, at 33).  Shay did not appeal from the dismissal of his second PCRA petition.

Thereafter, Shay timely filed the instant petition pursuant to 28 U.S.C. § 2254.  (Doc.

1).

## II.   Habeas Claims Presented for Federal Review

Shay seeks habeas relief based on the following grounds:

- Ground One: Did the trial court abuse its discretion in sustaining the Commonwealth's objection based upon improper characterization of evidence?

- Ground Two: Did the trial court abuse its discretion when it failed to adopt jury instructions proposed by trial counsel on the definition of "attempt"?

- Ground Three: Was trial counsel ineffective for failing to raise the entrapment defense[?]

  - Shay seeks to amend Ground Three as follows: Petitioner's Sixth and Fourteenth Amendment right[s] under the U.S. Constitution and his rights under Article 1, Section 9 of the Pennsylvania Constitution were violated when [t]rial [c]ounsel provided ineffective assistance of counsel in failing to conduct an investigation and never developed a defense strategy at trial.

(Doc. 1, at 25-26, 28; Doc. 49, at 11).

## III.    Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in

state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").  A habeas corpus petition pursuant to §

2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his

confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439

(1973).  "[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct.

475, 116 L.Ed.2d 385 (1991).  Rather, federal habeas review is restricted to claims based

"on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties

of the United States."  28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A.    Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas

relief.  28 U.S.C. § 2254(b)(1)(A).  The traditional way to exhaust state court remedies in

Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior

Court, and the Pennsylvania Supreme Court.  *See Evans v. Court of Common Pleas,*

*Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992).  However, in light of Pennsylvania

Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer

necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme

Court in order to exhaust state remedies under 28 U.S.C. § 2254(c). *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c).").[2] The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must

---

[2]    In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c). *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")).  This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review. *Id.*

"show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

B.   Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the

6

scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*,

171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court

decision to be an unreasonable application of federal law if the decision, "evaluated

objectively and on the merits, resulted in an outcome that cannot reasonably be justified

under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a

state court's findings of fact are correct. A petitioner may only rebut this presumption with

clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322,

341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual

issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual

decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir.

7

2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence

---

[3]    "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

therein should the federal habeas court overturn a state court's factual determination.

*Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

      C.    Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 466

U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

## IV.    Discussion[4]

### A.    Grounds One and Two

In ground one, Shay alleges that the trial court abused its discretion in sustaining the Commonwealth's objection based upon improper characterization of evidence. (Doc. 1, at 25). In ground two, Shay alleges that the trial court abused its discretion when it failed to adopt trial counsel's proposed instructions pertaining to the definition of attempt. (Doc. 1, at 26).

Respondents argue that grounds one and two were argued in state court exclusively under state law and, thus, do not warrant federal habeas corpus relief. (Doc. 16, at 7-8; Doc. 17, at 10) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (citations omitted)). "Shay agrees." (Doc. 49, at 9). Shay recognizes that "because his first two claims are of error under state law and do not support habeas relief, Shay's request for leave should be granted to withdraw or strike Grounds One and Two from his original Petition." (Doc. 49, at 10). Given Shay's concession that he is not entitled to federal habeas relief on grounds one and two, the Court will deny relief as to these two claims.

---

[4]    "In considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." *Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009) (citing *Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008)). Thus, "[w]e review the appellate court decision, not the trial court decision, as long as the appellate court 'issued a judgment, with explanation, binding on the parties before it.'" *Burnside v. Wenerowicz*, 525 F. App'x 135, 138 (3d Cir. 2013). The Pennsylvania Superior Court's opinion issued on November 22, 2021 will be the primary reference point in addressing Shay's claims. *See Commonwealth v. Shay*, 268 A.3d 444, 2021 WL 5443669 (Pa. Super. Nov. 22, 2021).

B.    <u>Ground Three</u>

In ground three, Shay alleges that trial counsel was ineffective for failing to raise an

entrapment defense.  (Doc. 1, at 28).  He expands on this claim by arguing that trial counsel

was ineffective for failing to investigate and develop any defense strategy at trial.  (Doc. 49,

at 11).  Shay presented these ineffectiveness claims in his PCRA proceedings.  On appeal,

the Superior Court rejected these claims as follows:

> Shay contends that counsel should have raised an entrapment defense at
> trial.  The defense of entrapment is set forth in the Crimes Code as follows:
>
> § 313. Entrapment
>
>> (a) General rule.—A public law enforcement official or a person
>> acting in cooperation with such an official perpetrates an entrapment
>> if for the purpose of obtaining evidence of the commission of an
>> offense, he induces or encourages another person to engage in
>> conduct constituting such offense by either:
>>
>>> (1) making knowingly false representations designed to induce
>>> the belief that such conduct is not prohibited; or
>>>
>>> (2) employing methods of persuasion or inducement which
>>> create a substantial risk that such an offense will be committed
>>> by persons other than those who are ready to commit it.
>>
>> (b) Burden of proof.—Except as provided in subsection (c) of this
>> section, a person prosecuted for an offense shall be acquitted if he
>> proves by a preponderance of the evidence that his conduct occurred
>> in response to an entrapment.
>>
>> (c) Exception.—The defense afforded by this section is unavailable
>> when causing or threatening bodily injury is an element of the offense
>> charged and the prosecution is based on conduct causing or
>> threatening such injury to a person other than the person
>> perpetrating the entrapment.

18 Pa.C.S.A. § 313.

This Court has noted the differences in the present statute from the former section. We explained:

> Prior to 1972, when the new Crimes Code was enacted, the law employed a "subjective" test to determine whether a defendant had been entrapped. The focus was on the defendant's predisposition to committing the crime, rather than the conduct of law enforcement. As such, the burden fell on the Commonwealth to disprove entrapment (or lack of intent) beyond a reasonable doubt. However, upon the enactment of 18 Pa.C.S.A. § 313 as part of the 1972 Crimes Code, the burden, along with the nature of the test to determine entrapment, shifted. The focus of the factfinder's inquiry became the conduct of the police and the burden shifted to defendants to prove, by a preponderance of the evidence, that they had been entrapped.

> ***

> The defense of entrapment, as defined in the Commonwealth of Pennsylvania, is based on an objective standard intended to deter overreaching on the part of law enforcement and those individuals acting in cooperation with law enforcement such as confidential informants.

*Commonwealth v. Willis*, 990 A.2d 773, 775 (Pa. Super. 2010) (citations omitted).

The police generally are permitted to use artifice and deception to catch criminals. "Where police do no more than afford a defendant an opportunity to commit an illegal act, their actions are not considered sufficiently outrageous police conduct to support an entrapment defense." *Commonwealth v. Marion*, 981 A.2d 230, 239 (Pa. Super. 2009) (citation omitted). Rather, the defense of entrapment is "aimed at condemning certain impermissible conduct which falls below standards for the proper use of governmental power." *Commonwealth v. Joseph*, 848 A.2d 934, 939 (Pa. Super. 2004) (citation omitted).

Here, the PCRA court found Shay's claim that trial counsel was ineffective for failing to raise an entrapment defense lacked arguable merit.  The PCRA court explained:

> [Shay] asserts that his trial counsel was ineffective because she did not raise an entrapment defense.  As [PCRA counsel] concluded, trial counsel did not raise an entrapment defense because there was no basis to raise this defense.  At the sentencing hearing, [Shay's] sentencing counsel made an oral motion for extraordinary relief and requested a new trial because the entrapment defense was not raised by trial counsel.  The Commonwealth replied that trial counsel likely did not raise an entrapment defense because it would have failed miserably, because [Shay] initiated the contact with the individual who then indicated that they were a 14-year-old boy, and it was [Shay] who suggested to the minor that they meet.  The court found that the Commonwealth did not advertise that they were a 14-year-old until after the contact by [Shay], and the agent told [Shay] that he was 14 years old and [Shay] knew he was dealing with a 14-year-old.  The court denied the motion.

> Where police do no more than afford a defendant an opportunity to commit an illegal act, their actions are not considered sufficiently outrageous police conduct to support an entrapment defense. *Commonwealth v. Zingarelli*, 839 A.2d 1064 (Pa. Super. 2003) (where police use internet sting operation and pose as a 15-year-old, they merely provide defendant with an opportunity to commit a crime and do not engage in egregious behavior that would constitute entrapment).  Here, [the special agent] testified that [Shay] reached out to him initially, and [the agent] then told [Shay] he was 14 years old and asked if [Shay] was "chilz" with his age, and [Shay] stated that he was.  Thus, the Commonwealth merely provided [Shay] with the opportunity to commit the crimes here and did not engage in behavior that would constitute entrapment.  Since counsel will not be deemed ineffective for failing to raise a baseless claim, this argument is without merit.

Rule 907 Notice, 2/4/20, at 5-6 (citations to record omitted).

Our review of the record supports the PCRA court's conclusion that the facts, as presented by the Commonwealth, would not support a defense of

entrapment. In arguing to the contrary, Shay relies largely on older federal and Pennsylvania case law which focused on a defendant's predisposition to commit the crime, placed the burden on the Commonwealth to disprove an entrapment defense, or otherwise involved disputed facts regarding the extent of inducement by government agents. *See* Shay's Brief at 17-19.

Shay also asserts that his case is "similar to" *U.S. v. Senke*, 2017 WL 4159795 (M.D Pa. 2017). Initially, we note that federal decisions are not controlling. "Absent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on state courts." *Commonwealth v. Walker*, 139 A.3d 225, 230 (Pa. Super. 2016) (citations omitted).

In *Senke*, the government filed a motion *in limine* to prevent the defendant from raising an entrapment defense at trial. Like the instant case, *Senke* involved a government agent posing online as a minor on an adult-only internet site. However, this is where the similarity ends. After discussing in detail the protracted investigation involving the many interactions—several which were initiated by the government—the federal district court found "ample evidence exist[ed] that the government induced [Senke] to commit a crime that he was not predisposed to commit." *Id.* at 9. Thus, the court denied the government's motion, and permitted Senke to present an entrapment defense at trial.

Here, by contrast, and as explained above, there was no evidence of improper inducement by the Commonwealth; at the beginning of his interaction with the agent, Shay was told that the person with whom he was corresponding was a minor. Despite this knowledge, Shay continued his contact with the "minor," via Grindr and text message, for the purpose of meeting the minor so that they could engage in sexual activity. Because the agent did no more than provide Shay an opportunity to commit a crime he wished to commit, *Marion*, *supra*, Shay's ineffectiveness claim that trial counsel was ineffective for failure to raise an entrapment defense fails.

Additionally, Shay argues that trial counsel failed to present any defense at all. Shay's Brief at 8. A review of Shay's trial transcript refutes this claim. Indeed, our reading reveals trial counsel raised as a defense Shay's failure to take the substantial step needed to establish that he attempted to commit offenses at issue. Although ultimately unsuccessful on each occasion, this was the same defense raised in *Zingarelli*, *supra*, and *Commonwealth v.*

*Jacob*, 867 A.2d 614 (Pa. Super. 2005). Here, trial counsel raised a viable defense, but the jury rejected it.

In sum, because trial counsel had no basis upon which to raise an entrapment defense, she cannot be deemed ineffective for failing to raise it at trial. *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006). Additionally, our review of the record refutes Shay's claim that trial counsel failed to present any defense on his behalf. Thus, we affirm the PCRA court's order denying Shay post-conviction relief.

*Commonwealth v. Shay*, 2021 WL 5443669, at *2-4 (footnote omitted).

The PCRA court reasoned that "[w]here police do no more than afford a defendant an opportunity to commit an illegal act, their actions are not considered sufficiently outrageous police conduct to support an entrapment defense." (Doc. 16-7, at 173) (citing *Commonwealth v. Zingarelli*, 839 A.2d 1064 (Pa. Super. 2003)). The PCRA court found that the agent merely provided Shay with the opportunity to commit the crimes and did not engage in behavior that would constitute entrapment. *Id.* On appeal, the Superior Court agreed and found that the facts would not support an entrapment defense. *Commonwealth v. Shay*, 2021 WL 5443669, at *2-4. The Superior Court noted that Shay could not produce evidence of inducement because "at the beginning of his interaction with the agent, Shay was told that the person with whom he was corresponding was a minor. Despite this knowledge, Shay continued his contact with the 'minor,' via Grindr and text message, for the purpose of meeting the minor so that they could engage in sexual activity." *Commonwealth v. Shay*, 2021 WL 5443669, at *4. The state court findings of facts are presumed correct

unless Shay presents clear and convincing evidence to the contrary. 28 U.S.C. §

2254(e)(1). Shay fails to meet this burden.

The state courts found Shay could not prevail with an entrapment defense, and

counsel was not ineffective for failing to raise the defense and trial counsel's strategy to

proceed with other defenses was reasonable because the entrapment defense was

meritless. *Commonwealth v. Shay*, 2021 WL 5443669, at *2-4. This Court is bound by the

state court determination of state law, i.e., that the entrapment defense could not prevail.

*See Johnson v. Rosemeyer*, 117 F.3d 104, 115 (3d Cir. 1997) (absent "extraordinary and

compelling circumstances," a federal habeas court should follow the state court's

determination of state law). Because the underlying claim lacked merit, the state court

concluded the ineffectiveness claims also lacked merit.

The state court's conclusion that trial counsel was not ineffective for failing to raise a

meritless defense was not contrary to, nor an unreasonable application of *Strickland*. It is

well-established that when a claim predicating an ineffective assistance of counsel claim is

meritless, the ineffective assistance of counsel claim is also meritless. *See Parrish v.*

*Fulcomer*, 150 F.3d 326, 328 (3d Cir. 1998) (finding ineffective assistance of counsel claim

was meritless because the underlying claim was meritless). In light of these facts, it cannot

be said that trial counsel was ineffective for failing to raise an entrapment defense. Trial

counsel used her professionally reasonable judgment in foregoing an untenable entrapment

defense and instead advancing a defense strategy focused on "Shay's failure to take the

substantial step needed to establish that he attempted to commit offenses at issue."
*Commonwealth v. Shay*, 2021 WL 5443669, at *4. And given the unlikelihood of success
on an entrapment defense, trial counsel's performance did not prejudice Shay. It is also
noteworthy that Shay's sentencing counsel requested a new trial because the entrapment
defense was not raised by trial counsel. *Id*. at *3. The trial court considered, and rejected,
this request. *Id.* This Court will not disturb the state court's ruling, given the narrow
standard of review—whether the ruling was a reasonable application of the *Strickland*
standard. Accordingly, Shay is not entitled to relief based on this claim.

Next, Shay's argument that counsel was ineffective for failing to investigate and
present any defense at all (Doc. 49, at 11), is soundly refuted by the state court decision.
Upon review of the record, the Court notes that counsel did, in fact, present arguments and
defenses on behalf of Shay. (Doc. 16-3). The state court record demonstrates that trial
counsel made tactical decisions reasonably designed to serve her client's best interest.
(*Id.*). Additionally, Shay fails to demonstrate he suffered any prejudice resulting from trial
counsel's decisions. As the Superior Court decision highlights, trial counsel raised defenses
on Shay's behalf, although they were ultimately unsuccessful. *Commonwealth v. Shay*,
2021 WL 5443669, at *4. Trial counsel's decision to pursue certain defense strategies fell
within counsel's considerable professional discretion. *See Strickland*, 466 U.S. at 690-91.

Based on the above, the Court finds that the state court's resolution of trial counsel's
failure to present an entrapment defense and failure to investigate and present any defense

at all was neither contrary to nor an unreasonable application of the *Strickland*, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Shay's ineffective assistance of counsel claims in ground three will be denied.

## V.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Shay's claims should be denied for the reasons given herein. Accordingly, the Court will not issue a certificate of appealability.

**VI.    Conclusion**

The Court will deny the § 2254 petition for writ of habeas corpus.  (Doc. 1).  A

separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March ____19____, 2025